Mark E. CARDWELL, husband; Marti Jo Cardwell, wife, Plaintiffs— Appellants,

v.

INTEL CORPORATION, a Delaware corporation; Peter Faux, Supervisor; John Glancy, Engineering Manager; Scott Holman, Manager of Human Resources, Defendants—Appellees.

No. 02–16979.

D.C. No. CV–99–00532–MHM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Dec. 17, 2003.

Fed. R.App. P. 34(a)(2).

Charles Shaw, Prescott, AZ, Glynn W. Gilcrease, Jr., Esq., William R. Hobson, Esq., Law Offices of William R. Hobson, Tempe, AZ, for Plaintiffs–Appellants.

Michael D. Moberly, Esq., Ryley, Carlock & Applewhite PA, Phoenix, AZ, for Defendants–Appellees.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Mark Cardwell and his wife, Marti Jo Cardwell (hereafter referred to collectively as "Cardwell") appeal the district court's grant of summary judgment in defendants' favor in this action alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Arizona Civil Rights Act ("ACRA"), and further alleging retaliation, intentional interference with contractual relations, and negligent infliction of emotional distress. Cardwell also appeals the district court's denial of a motion to compel discovery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite them only as necessary for this decision.

We review de novo a district court's grant of summary judgment. *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 745 (9th Cir. 2003). We review for abuse of discretion a district court's denial of a motion to compel discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002).

The district court properly granted summary judgment for defendants on the ADEA and ACRA claims because Cardwell failed to present evidence sufficient to raise a genuine issue of material fact as to whether Intel's legitimate, non-discriminatory reasons for terminating his employment were a pretext for age discrimination. *See Pottenger*, 329 F.3d at 745–49.[1] Cardwell failed to show a nexus between the statements made by CEO Grove and Human Resources Manager Dyess and the decision by supervisors Faux and Glancy to terminate him. In addition, those supervisors of Cardwell's who did evaluate his performance positively only supervised him during the 1980's and early 1990's, and thus could not comment on his performance in the period leading up to December 3, 1998, when he was terminated.

The district court properly granted summary judgment for defendants on the retaliation claim because Cardwell failed to establish a prima facie case of retaliation.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Courts look to federal law in interpreting ACRA. *See St. Luke's Health Sys. v. State, Dep't of Law, Civil Rights Div.*, 180 Ariz. 373, 884 P.2d 259, 263 (Ct.App.1994).

Specifically, Cardwell failed to demonstrate a causal link between his filing of a complaint with the Equal Employment Opportunity Commission and the adverse employment actions taken against him. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064–65 (9th Cir.2002). His post-complaint performance evaluations were not materially different from the criticisms he had received in the 1998 "Corrective Action Plan" and in other performance evaluations that were made before he filed the EEOC complaint. Even if a prima facie case of retaliation had been established, the district court properly concluded that Cardwell failed to present evidence sufficient to raise a genuine issue of material fact as to whether Intel's legitimate, non-discriminatory reasons for giving him unsatisfactory performance evaluations and terminating his employment were a pretext for retaliation. *See id.* at 1065, n. 10.

Because the district court properly granted summary judgment for the defendants on the discrimination and retaliation claims, the district court also properly granted summary judgment for the defendants on Cardwell's claim for intentional interference with contractual relations. *See Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 710 P.2d 1025, 1043 (Ariz.1985), *superseded in other respects by* Ariz.Rev.Stat. § 23–1501 (1996).

The district court properly granted summary judgment for defendants on Cardwell's claim for negligent infliction of emotional distress. Arizona law does not recognize a claim for negligent infliction of emotional distress in the context of an employment-related "termination process." *See Mack v. McDonnell Douglas Helicopter Co.*, 179 Ariz. 627, 880 P.2d 1173, 1174–77 (Ct.App.1994).

The district court did not abuse its discretion in denying Cardwell's motion to compel discovery. *See Hallett*, 296 F.3d at 751. The district court properly allowed Cardwell to examine Johnson concerning his reasons for leaving Intel, yet precluded Johnson from disclosing specific terms of the confidential settlement agreement.

AFFIRMED.